**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MORGAN KUKOVEC, individually and on behalf of all others similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) | **Case No.** _1:20-CV-4170_ |
| **v.** ) ) | **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |
| **TIKTOK INC. and BYTEDANCE INC.,** ) ) | |
| **Defendants.** ) | |

## CLASS ACTION COMPLAINT

Plaintiff, MORGAN KUKOVEC, brings this Class Action Complaint against Defendants TikTok Inc. (hereinafter, "TikTok" or "the App") and ByteDance Inc. (hereinafter, "ByteDance") (collectively the "Defendants") both individually and on behalf of all other similarly situated individuals. Plaintiff alleges the following:

## INTRODUCTION

1.    This case is about Defendant TikTok's brazen exploitation of tens of thousands of Illinois resident minors ("Minors") through calculated tactics designed to impermissibly obtain, use and distribute the images, videos, voiceprints, data and biometric data of Minors. Defendant TikTok's meteoric rise is largely attributable to its branding, products and features targeting users under the age of 18 years. Approximately 40% of its users are under the age of 18, and lack legal capacity to consent or contract with TikTok. Nevertheless, Defendant TikTok knowingly entices Illinois Minors into providing TikTok with images, videos, data, biometric data and other confidential and private information, without obtaining the written consent of a parent or legal guardian. TikTok commercializes and profits from its brazen exploitation of Illinois children and violations of Illinois law.

1

2.      Every individual has unique biometric identifiers by which he or she can be identified. For example, biometric identifiers include a person's voiceprint, fingerprint, hand or face geometry.

3.      As the Illinois General Assembly has found: "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS § 14/5(c).

4.      Defendants elected to flout the straightforward requirements of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1, and instead have deviously targeted teens and young adults by the illegal collection of Plaintiff's and Class member's biometric data, without first providing the relevant disclosures, and denying Plaintiff and other Class members of their statutory rights under Illinois law.

5.      Pursuant to BIPA, Illinois prohibits among other things, private entities from collecting, capturing, obtaining, disclosing, redisclosing, disseminating, or profiting from the biometric identifiers and/or biometric information of an individual without providing written notice and without obtaining a written release from the impacted individual or his authorized representative. BIPA also requires private entities in possession of biometric identifiers and/or biometric information to adopt retention and destruction policies and to take measures to prevent the release of that information.

6.      Plaintiff brings this privacy class action case against TikTok, a video-sharing social networking service used to create short videos, generally favored by children, teens and young

2

adults. TikTok's owner, ByteDance, was founded in 2012 and based in Beijing, China. ByteDance, is well known as a hit app factory that has spent the last decade using technologies such as artificial intelligence and facial recognition. [1] TikTok currently ranks amongst the "top 5" most downloaded free iPhone/Android apps, and has approximately 800 million active users worldwide.[2] This action seeks to ensure that Illinois citizens' privacy is adequately protected, in accordance with Illinois law.

7.       The App allows users to create, view, and share three to fifteen-second videos of dancing, lip-syncing, and other forms of self-expression, as well as short looping videos of three to sixty seconds. The App also uses facial scans to allow users to superimpose animated facial filters onto the moving faces of video subjects.

8.       As alleged in detail below, Defendants, through the use of the App, capture, receive, obtain, store and/or use facial scans without obtaining informed consent and by failing to make public their data and use and retention policy, in direct violation of BIPA.

9.       Defendants engaged in this conduct: (a) without adequately informing the impacted individuals, including Plaintiff and members of the Putative class (the "Class Members"), that their biometric identifiers and/or biometric information was being collected, captured, obtained, disclosed, redisclosed, or otherwise disseminated; (b) without informing the impacted individuals in writing of the purpose of the collection, capture, obtainment, disclosure, redisclosure and dissemination of the biometric identifiers and/or biometric information; and (c) without seeking and obtaining written releases from such impacted individuals or their authorized representatives.

---

[1]     *"Worries That TikTok Is A Threat To National Security Have Merit,"* at https://www.bloomberg.com/news/newsletters/2019-10-29/worries-that-tiktok-is-a-threat-to-national-security-have-  merit (last accessed June 23, 2020).
[2]     *"50 TikTok Stats That Will Blow Your Mind [Updated 2020],"* at https://influencermarketinghub.com/tiktok-stats/ (last accessed June 24, 2020).

3

10.     As the Illinois General Assembly has found and both the Illinois Supreme Court and Seventh Circuit Court of Appeals have confirmed, the harm to Plaintiff and Putative Class Members as a result of the BIPA violations alleged herein has already occurred.

11.     Further, as businesses worldwide compete to develop ever more advanced facial recognition technology, the race for data imperils the privacy of individuals everywhere. Public policy in Illinois provides that given the risks of unwanted data collection and disclosure, citizens need the power to make decisions about the fate of their unique biometric identifiers and/or biometric information. Defendants' actions robbed Plaintiff and Class Members of that power.

12.     Plaintiff brings this Class Action Complaint seeking: (a) statutory damages of $5,000 per BIPA violation, or, alternatively, if Defendants acted negligently, $1,000 per BIPA violation, along with attorneys' fees and costs; (b) disgorgement of Defendants' ill-gotten gains derived from the use of the unlawfully-acquired data; and (c) an injunction (i) barring Defendants from any further use of individuals' biometric identifiers and/or biometric information; (ii) barring Defendants from continuing to collect, capture, obtain, disclose, redisclose, disseminate, and/or profit from Plaintiff's and Class Members' biometric identifiers and/or biometric information; (iii) requiring Defendants to delete and destroy all biometric identifiers and/or biometric information in their possession, custody, and control; and (iv) requiring Defendants to claw back the biometric identifiers and/or biometric information from any third parties to whom Defendants disclosed, redisclosed, or disseminated it.

## PARTIES

13.     At relevant times, Plaintiff, Morgan Kukovec, was and remains a citizen of Hampshire, Kane County, Illinois. Plaintiff reached the age of majority on June 15, 2020. At all relevant times herein, Plaintiff downloaded, utilized, posted and appeared in videos on TikTok

4

while she was still a minor, as defined by Illinois law.

14.     Defendant TikTok, Inc. is a California corporation with its principal place of business in Culver City, California.

15.     Defendant ByteDance, Inc. is a Delaware corporation with its principal place of business in Palo Alto, California.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act") because sufficient diversity of citizenship exists between the parties in this action, the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and there are thousands of putative class members. Because there are thousands of putative class members and Defendants' intentional and reckless violations of BIPA are punishable by statutory damages of $5,000 per violation, the amount in controversy is well in excess of $5,000,000.

17.     This Court has personal jurisdiction over Defendants because Defendants used and disseminated data derived directly from Illinois-based TikTok users and exposed residents of Illinois to ongoing privacy risks within Illinois based on the collection, capture, obtainment, disclosure, redisclosure and/or dissemination of their biometric identifiers and/or biometric information. Furthermore, many of the images Defendants used for their unlawful collection, capture, and/or obtainment of biometric identifiers and/or biometric information were created in Illinois, uploaded from Illinois, and/or managed via Illinois-based user accounts, computers, and mobile devices. Because of the scope and magnitude of Defendants' conduct, Defendants knew that its collection, capture, obtainment, disclosure, redisclosure and/or dissemination of impacted individuals' biometric identifiers and/or biometric information would injure Illinois residents and citizens. Defendants knew or had reason to know that collecting, capturing, obtaining, disclosing,

5

redisclosing, and/or disseminating Illinois citizens' and residents' biometric identifiers and/or biometric information without providing the requisite notice or obtaining the requisite releases would deprive Illinois citizens and residents of their statutorily-protected privacy rights, neutralize Illinois citizens' and residents' ability to control access to their biometric identifiers and/or biometric information via their Illinois-managed devices and exposed minors in Illinois to potential surveillance and other privacy harms as they went about their lives within the state.

18.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred in Illinois. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendants.

<u>**ILLINIOIS BIOMETRIC PRIVACY LAWS**</u>

19.     BIPA seeks to safeguard individuals' biometric identifiers and/or biometric information.

20.     Biometric identifiers include a scan of an individual's face geometry. 740 ILCS § 14/10. Biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual." 740 ILCS § 14/10.

21.     Pursuant to BIPA, a private entity, such as Defendants, is among other things: (a) prohibited from collecting, capturing, or otherwise obtaining an individual's biometric identifiers and/or biometric information without providing written notice and obtaining a written release; (b) prohibited from selling, leasing, trading, or otherwise profiting from an individual's biometric identifiers and/or biometric information; (c) prohibited from disclosing, redisclosing, or otherwise disseminating an individual's biometric identifiers and/or biometric information in the absence of circumstances specifically set forth in the statute; and (d) required, to the extent it is in possession of biometric identifiers and/or biometric information, to develop a written policy, made available

6

to the public, that establishes a retention schedule and guidelines for permanently destroying such identifiers and information. 740 ILCS § 14/15.

22.      BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional and/or reckless violations of its provisions. 740 ILCS § 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS § 14/20.

## FACTUAL ALLEGATIONS

### I.      Defendants' Unlawful Conduct

23.      ByteDance Inc. the parent company of TikTok Inc., first launched the TikTok app (then known as "Douyin") in China in September 2016. The app ultimately became available in the United States in August 2018 following a merger between TikTok and Shanghai-based social media platform musical.ly.   While TikTok and Douyin are similar to each other and essentially the same app, they run on separate servers to comply with Chinese censorship restrictions.

24.      The App allows users to create short music and lip-sync videos of 3 to 15 seconds and short looping videos of 3 to 60 seconds. By October 2018, TikTok was the most downloaded app in the United States.

25.      As of June 2020, minors, as defined by IL law, accounted for approximately 37 percent of TikTok's active user accounts in the United States.[3]

---

[3] *"Top 20 TikTok Statistics: Key Facts, Figures & Data"* https://mediakix.com/blog/top-tik-tok-statistics-demographics/#:~:text=37%25%20Of%20TikTok's%20U.S.%20Users%20Are%20Under%2018%20Years%2DOld&text=It%20is%20important%20to%20note,older%20to%20create%20an%20account.   (Last accessed July 8, 2020).

26.     In direct violation of the BIPA, the TikTok app's proprietary facial recognition technology scans every video uploaded to the app for faces, extracts geometric data relating to the unique points and contours (*i.e.,* biometric identifiers) of each face, and then uses that data to create and store a template of each face – all without ever informing anyone of this practice.

27.     To accomplish this end, Defendants implemented an artificial intelligence tool in the app that automatically performs these facial scans. This technology permits users to superimpose images onto their face or to use various "filters" that alter, distort, or enhance their facial features.

28.     In collecting, capturing, and/or otherwise obtaining the biometric identifiers and/or biometric information of Plaintiff and Putative Class Members and, upon information and belief, subsequently disclosing, redisclosing, and/or otherwise disseminating those biometric identifiers and/or biometric information to other related corporate entities – all without providing the requisite notice, obtaining the requisite releases, or satisfying any of BIPA's other provisions that would excuse it from BIPA's mandates – Defendants violated BIPA.

29.     In further violation of BIPA, Defendants failed to use a reasonable standard of care to protect Plaintiff's and Class Members' biometric identifiers and/or biometric information from disclosure and, in fact, affirmatively disclosed their biometric identifiers and biometric information.[4]

---

[4] https://www.tiktok.com/legal/privacy-policy?lang=en (accessed June 23, 2020) ("We share the categories of personal information listed above with service providers and business partners to help us perform business operations and for business purposes, including research, payment processing and transaction fulfillment, database maintenance, administering contests and special offers, technology services, deliveries, email deployment, advertising, analytics, measurement, data storage and hosting, disaster recovery, search engine optimization, marketing, and data processing").

30. In further violation of BIPA, as a private entity in possession of Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information, Defendants failed to adopt or make available to the public a retention schedule or guidelines for permanently destroying such biometric identifiers and/or biometric information once the initial purpose for collecting them had or has been satisfied.

31. Defendants' violations of BIPA were intentional and reckless or, in the alternative, negligent.

## II.    Allegations Related to Plaintiff

32. Plaintiff, Morgan Kukovec, is an 18-year-old female. In or around late 2019, while still a minor as defined by Illinois law, Plaintiff downloaded and began using the TikTok app as a minor. Moreover, Plaintiff utilized TikTok to generate innumerable videos and images, many of which were uploaded and posted and disseminated by TikTok to third parties. TikTok retains possession and control of all images captured through Plaintiff's use of the TikTok app, even those images that are not posted or made public by Plaintiff. Plaintiff's image has repeatedly been captured and used by TiKTok in videos created and or uploaded and posted to TikTok by other TikTok users, including images of Plaintiff's face. Plaintiff has created, uploaded and posted videos, and/or Plaintiff's face has appeared in videos created, uploaded or posted by other users, employing TikTok's face sticker, face filter, and face tracker lens technology.

33. As a minor, Plaintiff lacked capacity in Illinois to consent to or contract with TikTok. TikTok did not obtain Plaintiff's parents or legal guardian's permission.

34. Through these videos, Defendants have collected and stored Plaintiff's unique biometric identifiers and/or biometric information and failed to provide Plaintiff with the proper disclosures under BIPA. Upon information and belief, Defendants have disclosed and/or

9

disseminated these biometric identifiers and/or biometric information to third parties.

35. TikTok failed to provide Plaintiff's parents or legal guardian with required BIPA disclosures or obtain the written consent required under BIPA.

### III. Plaintiff's and Class Members' Injuries and Damages

36. As alleged herein, as a result of Defendants' unlawful conduct, Plaintiff and Putative Class Members have already sustained injuries and face imminent and certainly impending injuries.

37. Defendants' unlawful conduct has resulted in, among other things: (a) Plaintiff's and Putative Class Members' unique biometric identifiers and/or biometric information being collected, captured, obtained, disclosed, redisclosed, and/or otherwise disseminated without the requisite notice having been given and without the requisite releases having been obtained; and (b) Plaintiff and Putative Class Members being deprived of the very control over their biometric identifiers and/or biometric information that BIPA was designed to protect, and which Illinois courts both State and Federal have reaffirmed.

38. To date, Plaintiff and Putative Class Members do not know which, or how many, individuals or entities have received, obtained, accessed, stored, disclosed, redisclosed or otherwise made use of Plaintiffs' and Class Putative Members' biometric identifiers and/or biometric information, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering, and/or other invasions of privacy.[5]

---

[5] "*Facial Recognition Tech: 10 Views on Risks and Rewards,*" at https://www.forbes.com/sites/forbestechcouncil/2018/04/03/facial-recognition-tech-10-views-on-risks-and-rewards/#54d3e1716b3c (last accessed on June 23, 2020).

39.     As a result of Defendants' misconduct, Plaintiff and Putative Class Members have no recourse for the fact that their biologically unique information has been compromised.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action individually and as a class action under Federal Rule of Civil Procedure 23, seeking damages and equitable relief on behalf of the following Class for which Plaintiffs seek certification:

> **All residents of Illinois who registered for or used the TikTok Application while under the age of 18, including those who may bring their claim by and through their legal guardian(s).**

41.     Excluded from the Class are: (a) Defendants; (b) any parent, affiliate or subsidiary of Defendants; (c) any entity in which Defendants has a controlling interest; (d) any of Defendants' officers or directors; or (e) any successor or assign of Defendants.  Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

42.     Plaintiff reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

43.     **Numerosity.** While the exact number of Putative Class Members is not known at this time, Defendants collected, captured, obtained, disclosed, redisclosed, and/or otherwise disseminated biometric identifiers and/or biometric information from hundreds of millions of users, and Plaintiff estimates the total number of Putative Class Members to be, at least, in the thousands. Consistent with Rule 23(a)(1), the Putative Class is therefore so numerous that joinder of all members is impracticable. Putative Class Members may be identified through objective means, including objective data available to Defendants regarding their user data. Putative Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, social media and/or

11

published notice.

44. **Commonality and Predominance.** Common questions of law and fact exist as to all Putative Class Members. There are many questions of law and fact common to the claims of Plaintiffs and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class. Common questions for the Putative Class include, but are not necessarily limited to the following:

  a. Whether Defendants collected, captured, and/or otherwise obtained the biometric identifiers and/or biometric information of Plaintiff and Putative Class Members;

  b. Whether Defendants possessed the biometric identifiers and/or biometric information of Plaintiffs and Putative Class Members;

  c. Whether Defendants disclosed, redisclosed, and/or otherwise disseminated the biometric identifiers and/or biometric information of Plaintiff and Putative Class Members;

  d. Whether Defendants profited from the biometric identifiers and/or biometric information of Plaintiff and Putative Class Members;

  e. Whether Defendants provided the notice required by BIPA before collecting, capturing, obtaining, disclosing, redisclosing and otherwise disseminating the biometric identifiers and/or biometric information of Plaintiff and Putative Class Members;

  f. Whether Defendants obtained enforceable written releases (as defined in 740 ILCS 14/10) from Plaintiff and Putative Class Members or their authorized representatives before collecting, capturing, obtaining,

disclosing, redisclosing and/or otherwise disseminating the biometric identifiers and/or biometric information of Plaintiff and Putative Class Members;

g.     Whether Defendants had in place – and disclosed to the public – the written retention and destruction policies, schedules, and/or guidelines for permanently destroying biometric identifiers and/or biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first as is required by BIPA while in possession of Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information;

h.     Whether Defendant complied with any such written policy (if one exists);

i.     Whether defendants protected Plaintiff's and Putative Class Member's biometric identifiers and/or biometric information from disclosure using the reasonable standard of care within Defendant's industry and in a manner that was the same as or more protective than the manner in which Defendants protects other confidential and sensitive information;

j.     Whether Plaintiffs and Putative Class Members suffered damages as a proximate result of Defendants; and

k.     Whether Plaintiffs and Putative Class Members are entitled to damages, equitable relief and other relief.

45.    **Typicality.** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all members of the Putative Class have suffered similar injuries as a result of the same practices

alleged herein. Plaintiffs has no interests to advance adverse to the interests of the other members of the putative Class.

46. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the putative Class and has retained as counsel attorneys experienced in class actions and complex litigation. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Putative Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Putative Class.

47. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Putative Class Member, while meaningful on an individual basis, may not be of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if Putative Class Members could afford individual litigation, those actions would put immeasurable strain on the court system. Moreover, individual litigation of the legal and factual issues of the case would increase the delay and expense to all parties and the court system. A class action, however, presents far fewer management difficulties and provides the benefit of a single adjudication, economy of scale and comprehensive supervision by a single court.

48. In the alternative, the Putative Class may be certified because:

      a. The prosecution of separate actions by each individual member of the Putative Class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants;

14

b.     The prosecution of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

c.     Defendants acted or refused to act on grounds generally applicable to the Putative Class, thereby making final and injunctive relief appropriate with respect to members of the Putative Class.

## COUNT ONE

### (VIOLATION OF BIPA – 740 ILCS § 14/15(a))

49.     Plaintiff restates and realleges paragraphs 1-46 of this Class Action Complaint as though fully set forth herein.

50.     As alleged above, Defendants violated BIPA by failing to develop a written policy made available to the public that established a retention schedule and guidelines for permanently destroying biometric identifiers and/or biometric information.

51.     Defendants' violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

52.     As a direct and proximate result of Defendants' violations of BIPA, Plaintiff and Putative Class Members have suffered and will continue to suffer injury.

53.     Plaintiff and Putative Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

54.     Unless and until enjoined and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Putative Class Members in that their biometric identifiers and/or biometric information can be viewed and used

by unauthorized persons. Plaintiff and Putative Class Members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information.

55.     Plaintiff and Putative Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

<strong><u>COUNT TWO</u></strong>

<strong>(VIOLATION OF BIPA – 740 ILCS § 14/15(b))</strong>

56.     Plaintiff restates and realleges paragraphs 1-46 of this Class Action Complaint as though fully set forth herein.

57.     As alleged above, Defendants violated BIPA by collecting, capturing, and/or otherwise obtaining individuals' biometric identifiers and/or biometric information, including the biometric identifiers and/or biometric information of Plaintiff and Putative Class Members, without providing the requisite written disclosures and without obtaining the requisite written releases.

58.     Defendants' violations of BIPA were intentional and/or reckless or, in the alternative, Defendants were negligent.

59.     As a direct and proximate result of Defendants' violations of BIPA, Plaintiff and Putative Class Members have suffered and will continue to suffer injury.

60.     Plaintiff and Putative Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

61.     Unless and until enjoined and/or restrained by order of this Court, Defendants' unlawful conduct will continue to cause great and irreparable injury to Plaintiff and Putative Class Members. Plaintiff and Putative Class Members have no adequate remedy at law for their

injuries in that a judgment for monetary damages will not end the misuse of Plaintiffs' and Putative Class Members' biometric identifiers and/or biometric information.

62.     Plaintiffs and Putative Class Members also seek punitive damages, injunctive relief, and the reasonable attorney's fees, costs and expenses relating to this action.

## <u>COUNT THREE</u>

## **(VIOLATION OF BIPA – 740 ILCS § 14/15(d))**

63.     Plaintiff restates and realleges paragraphs 1-46 of this Class Action Complaint as though fully set forth herein.

64.     As alleged above, Defendants violated BIPA by disclosing, redisclosing, and/or otherwise disseminating individuals' biometric identifiers and/or biometric information, including the biometric identifiers and/or biometric information of Plaintiffs and Putative Class Members, even though: (a) neither the subjects of the biometric identifiers and/or biometric information nor their authorized representatives consented to the disclosure and/or redisclosure; (b) the disclosure and/or redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and/or biometric information or their authorized representatives; (c) the disclosure and redisclosure was not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure was not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

65.     Defendants' violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

66.     As a direct and proximate result of Defendants' violations of BIPA, Plaintiff and Putative Class Members have suffered and will continue to suffer injury.

67.     Plaintiff and Putative Class Members seek as monetary relief all money damages

17

available under applicable Illinois law.

68.    Unless and until enjoined and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Putative Class Members in that their biometric identifiers and/or biometric information can be viewed and used by unauthorized persons. Plaintiff and Putative Class Members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information.

69.    Plaintiff and Putative Class Members also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

## COUNT FOUR

### INJUNCTIVE RELIEF

70.    Plaintiff restates and realleges paragraphs 1-46 of this Class Action Complaint as though fully set forth herein.

71.    Plaintiff and Putative Class Members have clear and ascertainable rights in need of protection – namely: (a) the right to have Defendants abide by their obligations under BIPA; (b) the right to control their biometric identifiers and/or biometric information; and (c) the right to privacy.

72.    Plaintiff and Putative Class Members have no adequate remedy at law because a legal remedy cannot retrieve the biometric identifiers and/or biometric information that Defendants unlawfully collected, captured, obtained, disclosed, redisclosed, disseminated and otherwise profited from, and cannot end the invasion of privacy caused by Defendants' conduct.

73.    Plaintiff and Putative Class Members will suffer irreparable harm, as alleged herein, caused by Defendants if their conduct is not so restrained, requiring injunctive relief.

18

74. Plaintiff and Putative Class Members are likely to succeed on the merits because, as alleged herein, Defendants unlawfully collected, captured, obtained, disclosed, redisclosed, and/or disseminated Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information despite being prohibited from doing so.

75. Plaintiff and Putative Class Members seek injunctive relief:

(a) barring Defendants from any further use of Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information; and

(b) barring Defendants from continuing to collect, capture, obtain, disclose, redisclose, disseminate or profit from Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information; (c) requiring Defendants to delete and destroy Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information; and (d) requiring Defendants to claw back the biometric identifiers and/or biometric information from any third parties to whom Defendants disclosed, redisclosed or disseminated it.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Putative Class, respectfully seeks from the Court the following relief:

a. Certification of the Class as requested herein;

b. Appointment of Plaintiff as Class representative and undersigned counsel as Class counsel;

c. An award of damages for Plaintiff and members of the Putative Class, including statutory and punitive damages;

    d.      An award of equitable, injunctive and declaratory relief for Plaintiff and members of the Putative Class, including an injunction (i) barring Defendants from any further use of individuals' biometric identifiers and/or biometric information; (ii) barring Defendants from continuing to collect, capture, obtain, disclose, redisclose, disseminate and/or profit from Plaintiff's and Putative Class Members' biometric identifiers and/or biometric information; (iii) requiring Defendants to delete and destroy all biometric identifiers and/or biometric information in its possession, custody and/or control; and (iv) requiring Defendants to claw back the biometric identifiers and/or biometric information from any third parties to whom Defendants disclosed, redisclosed, and/or disseminated it;

    e.      An award of pre-judgment and post-judgment interest for Plaintiff and members of the Putative Class, as permitted by law;

    f.      An award for Plaintiff and members of the Putative Class of reasonable attorneys' fees and costs of suit, including expert witness fees; and

    g.      An award for Plaintiff and members of the Putative Class of any further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Dated: <u>July 15, 2020</u>                 Respectfully submitted,

                                       <u>/s/ Elizabeth C. Chavez</u>

Elizabeth C. Chavez, Esq. (6323726)
Kathleen C. Chavez, Esq. (06255735)
Robert Foote, Esq. (03124325)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452
Email: ecc@fmcolaw.com
kcc@fmcolaw.com
rmf@fmcolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE
PUTATIVE CLASS***